OPINION
Plaintiff-appellant John Gallienne appeals from a summary judgment rendered in favor of defendant-appellee Centerville Design Associates upon Gallienne's complaint for payment for services rendered. Gallienne contends that the trial court erred by rendering summary judgment.
We conclude that Centerville Design presented affidavits in support of its motion for summary judgment establishing that Gallienne had been paid everything to which he was entitled for the services upon which he based his claim, and that Gallienne failed to contravene those affidavits. Accordingly, the judgment of the trial court is Affirmed.
 I
Gallienne brought this action in the small claims division of the Kettering Municipal Court. The "Statement of Claim" is as follows:
 Non-Payment for Services Rendered. I.E. Carpet installation Holiday Inn — Troy Stephens Aviation Peggy Barnes WHEREFORE, Plaintiff prays judgment against Defendant(s) in the sum of $1253.90 plus interest from June 26, 1998 at the rate of 10% plus costs of $20.00 to date.
Centerville Design caused the transfer of Gallienne's claim to the regular docket.
Later, Centerville Design moved for summary judgment, supporting its motion with affidavits from Peggy Barnes, Cindy Williams and Carolyn Gross.
Gallienne responded to Centerville Design's motion for summary judgment, but did not offer affidavits or other evidentiary material in support of his position. The trial court rendered summary judgment in favor of Centerville Design, finding that it had established by its affidavits that there was no genuine issue of material fact and that it was entitled to judgment as a matter of law upon Gallienne's complaint, and that Gallienne had failed to establish a genuine issue of material fact by contravening the averments in Centerville Design's affidavits.
Centerville Design had filed a counter claim against Gallienne, which remains pending. Because we had no record of a certification of no just reason for delay, pursuant to Civ. R. 54(B), we dismissed Gallienne's appeal for want of a final order. However, the parties brought to our attention that the trial court has certified that there is no just reason for delay, pursuant to Civ. R. 54(B), and a motion for reconsideration of our dismissal of this appeal was filed. We granted that motion, and the appeal is pending before this court upon the merits.
 II
Gallienne's sole Assignment of Error is as follows:
 THE JUDGE ERRED IN ENTERING SUMMARY JUDGMENT FOR APPELLEE, CENTERVILLE DESIGN ASSOCIATES AND DISMISSING THE COMPLAINT OF APPELLANT, JOHN WILLIAM GALLIENNE.
As framed in his complaint, Gallienne is asserting a cause of action against Centerville Design for nonpayment for services rendered in connection with the installation of carpet at three locations: "Holiday Inn — Troy, Stephens Aviation [and] Peggy Barnes."
Centerville Design submitted three affidavits in support of its motion for summary judgment. The first of these was an affidavit of Peggy Barnes. In her affidavit, Barnes averred, in pertinent part, as follows:
 Now comes Peggy Barnes and having been first duly cautioned and sworn deposes and states that she signed a purchase order approval with Centerville Design Associates on April 22, 1998 respecting the purchase and installation of carpeting at the home of she and her husband in Springboro, Ohio. . . .
 The agreement provided that Centerville Design Associates would purchase and supply to your affiant and her husband carpeting for their home in Springboro and that an installer would install the carpeting purchased by Centerville Design Associates. The undersigned understood that the installer would bill her and her husband directly for his services in installation [sic] the carpeting.
 Your Affiant further states that thereafter John Gallienne performed certain carpet installation services at the home of her and her husband pursuant to the purchase order approval as aforesaid.
 Your Affiant further states that on May 21, 1998, John Gallienne presented her with a bill for $1748.00 representing his labor costs for carpeting, which he claimed to have installed in the downstairs area of their home.
* * * *
 Your Affiant further states that pursuant to the bill presented by John Gallienne, she paid him the sum of $1,748.00 on May 21, 1998.
 Your Affiant further [sic] that she thereafter discovered that John Gallienne had not completed the work as he had stated.
* * * *
 Your Affiant further states that she had to hire her contractor to perform a significant amount of work allegedly completed by John Gallienne and as a result expended a significant sum of additional money in order to have said work done properly.
* * * *
 Your Affiant states that on Thursday, June 11, 1998, John Gallienne contacted her and advised that he could not lay carpet anywhere in the large upstairs area because certain other work had not been completed.
 Your Affiant further states that the other prep work which had been requested by John Gallienne was done, but Mr. Gallienne continued to refuse to return to the job site and complete the services which he had promised to do for your Affiant and her husband.
 Your Affiant further states that at the last moment, they had to procure the services of another carpet installer so as to prepare the home in advance for their moving into the same.
* * * *
 Your Affiant further states that John Gallienne was grossly overpaid for the services which he has performed and in fact owes Centerville Design and your Affiant and her husband, by virtue of his failure to perform services on this particular project.
* * * *
The second affidavit submitted in support of Centerville Design's motion for summary judgment is the affidavit of Cindy Williams, an interior designer employed by Centerville Design. The Williams affidavit essentially corroborates Barnes's affidavit, with the additional averment that Centerville Design at no time assumed any of the responsibility for paying Gallienne for any of his services rendered by him to Mr. and Mrs. Barnes.
With respect to Gallienne's claim for payment of services rendered installing carpet at the Barnes residence, the affidavits of Peggy Barnes and Cindy Williams establish that there is no genuine issue of material fact, and that Centerville Design is entitled to judgment as a matter of law. These affidavits were not contradicted by any affidavits or other evidentiary material pursuant to Civ. R. 56.
The third affidavit submitted in support of Centerville Design's motion for summary judgment is the affidavit of Carolyn Gross, an employee of Centerville Design. Her affidavit avers, in pertinent part, as follows:
 Your Affiant further states that on July 17, 1998, Centerville Design Associates received an invoice from John Gallienne for services rendered by him on a carpet installation job at the Holiday Inn in Sidney in the amount of $300.00 and another invoice for services rendered by him at Stevens Aviation at Dayton International Airport in the amount of $153.90.
 Your Affiant further states that she and Cindy Williams discussed with John Gallienne these invoices, as well as claims made by Peggy Barnes and John Barnes against Centerville Design Associates, wherein they demanded that they be reimbursed funds which had been paid by them to John Gallienne for services that had not been rendered.
 As a result of these discussions, John Gallienne agreed to reduce the Holiday Inn bill from $300.00 to $150.00, he also agreed to be responsible for $280.00 of the bill which Peggy Barnes and John Barnes had submitted to Centerville Design Associates for the work which was not performed by John Gallienne at their residence.
 The net effect of the agreement was that John Gallienne was owed a net of $23.90 on the invoices which he had presented to Centerville Design Associates for the Holiday Inn Sidney job and Stevens Aviation Airport job.
 Your Affiant further states that on July 22, 1998 she issued to John Gallienne a check in that amount issued on checking account for Centerville Design Associates at the Huntington National Bank and being check numbered 3296. . . .
 Your Affiant further states that by virtue of the issuance of that check that John Gallienne has been satisfied in full of any obligation owed to him by Centerville Design Associates and that nothing further is owed to him whatsoever by Centerville Design Associates.
The Gross affidavit establishes that there is no genuine issue of material fact, and that Centerville Design is entitled to judgment as a matter of law, with respect to the Holiday Inn — Sidney and Stevens Aviation Airport jobs. Gross averred that Centerville Design had received two invoices from Gallienne for these services, totaling $453.90, that Gallienne had agreed to reduce one of the bills by $150.00, thereby reducing the total to $303.90, and that he had further agreed to be responsible for $280.00 of the bill that Centerville Design had received from the Barneses, thereby further reducing his bill for these services to $23.90. Gross averred that Gallienne had been paid the net amount owing on these jobs, being $23.90, so that nothing further was owing to Gallienne. Gallienne did not contravert Gross's affidavit.
Although the reference in the Gross affidavit is for carpet installation at "Holiday Inn — Sidney," and the reference in Gallienne's complaint is to "Holiday Inn — Troy," in his memorandum in opposition to Centerville Design's motion for summary judgment, Gallienne does not suggest that these are two different jobs. From our review of the record, we conclude that Centerville Design, by its affidavits, established that there was no genuine issue of material fact, and that it was entitled to judgment as a matter of law upon Gallienne's complaint against it, and that Gallienne failed to contravert Centerville Design's affidavits. Consequently, the trial court correctly rendered summary judgment in favor of Centerville Design. Gallienne's sole assignment of error is overruled.
 III
Gallienne's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
WOLFF and YOUNG, JJ., concur.
Copies mailed to:
Charles W. Slicer, Jr., J. Joseph Walsh, Hon. Larry W. Moore.